JOSEPH J. LEE, Respondent, v. HAMILTON FIRE INSURANCE COMPANY, Appellant.

231

(Argued May 1, 1929; decided July 11, 1929.)

*Frank Sowers* and *George Richards* for appellant. Under the clear provisions of the policy on an automobile truck, a machine presumed to depreciate in value from use on the roads, and thus subject not only to losses caused by perils insured against but also to losses from causes not insured against, where a dispute exists as to the amount of loss by fire insured against, an appraisal and award if demanded are peculiarly appropriate and must always be had, being expressly made a condition precedent to any right of recovery under the policy. (Simpson on the Law of Automobile Insurance [2d ed. 1928], § 78; Cooley's Briefs on Ins. [2d ed.] 6137; *Soelberg* v. *Western Assur. Co.*, 119 Fed. Rep. 23; *Swan* v. *Union Ins. Co.*, 3 Wheat. 168; *Farcus* v. *Sarsfield*, 6 El. & Bl. 192; *New Orleans T. & M. Ry. Co.* v. *Union Marine Ins. Co.*, 286 Fed. Rep. 32; *Rockwood Co.* v. *Northwestern F. & M. Ins. Co.*, 26 Fed. Rep. [2d] 824; *Zillah Trans. Co.* v. *Ætna Ins. Co.*, 221 N. W. Rep. 529; *Am. Central Ins. Co.* v. *District Court*, 125 Minn. 374; *Itasca Paper Co.* v. *Niagara Fire Ins. Co.*, 220 N. W. Rep. 425; *Littwell* v. *Allemannia Fire Ins. Co.*, 222 App. Div. 302; *Yendel* v. *Western Assur. Co.*, 21 Misc. Rep. 348; *Gasser* v. *Sun Fire Office*, 42 Minn. 315.) The unanimous award of the appraisers and umpire finally and conclusively determines that prior

to the loss by fire the car had sustained a substantial depreciation in value and that the loss by fire alone was a partial loss. (*Remington* v. *London Assur. Corp.*, 12 App. Div. 218; *Mayer* v. *Phœnix Assur. Co.*, 124 App. Div. 241; *Commercial Union Assur. Co.* v. *Dalzell*, 210 Fed. Rep. 605; *Caledonian Ins. Co.* v. *North Dutch Church*, 95 N. J. Eq. 496; 96 N. J. Eq. 342; *Doherty* v. *Phœnix Ins. Co.*, 224 Mass. 310; *Union Inst.* v. *Phœnix Ins. Co.*, 196 Mass. 230; *Phœnix Ins. Co.* v. *Everfresh Food Co.* 294 Fed. Rep. 51.) The trial court, having found as a fact that the parties, after the loss and disagreement as to the amount thereof, entered into a written agreement providing that the amount of the loss by fire alone should be determined by appraisers, and such determination having been made, erred in finding that the written agreement entered into by plaintiff and defendant insurer on November 4, 1921, did not preclude plaintiff from seeking to recover the stipulated value of the truck as a total loss. (*Silver* v. *Western Assur. Co.*, 164 N. Y. 381; *Broadway Ins. Co.* v. *Doying*, 55 N. J. L. 569; *Montgomery* v. *American Central Ins. Co.*, 108 Wis. 146; *Hall* v. *Norwalk Fire Ins. Co.*, 57 Conn. 105; *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Security Printing Co.* v. *Ins. Co.*, 209 Mo. App. 422; *London & L. Fire Ins. Co.* v. *Storrs*, 71 Fed. Rep. 120; *Vincent* v. *German Ins. Co.*, 120 Iowa, 272; *Bangor Sav. Bank* v. *Niagara Fire Ins. Co.*, 85 Me. 68.) The insurance being for a year upon an automobile subject to the usual depreciation and wastage of value, and the loss having occurred after seven months' use, the trial court erred in finding that the policy issued by defendant was a valued policy for $5,720 as stipulated damages in the event of total loss. (*Norwich Union F. Ins. Soc.* v. *Bainbridge Grocery Co.*, 16 Ga. App. 432; *Ins. Co. of North Am.* v. *Willey*, 212 Mass. 75; *McAnarney* v. *Newark F. Ins. Co.*, 247 N. Y. 176; *Lewis* v. *Rucker*, 2 Burr. 1167; *Gulf Refining Co.* v. *Atlantic Mut. Ins. Co.*, 27 Fed. Rep. [2d] 678; *Haven* v. *Gray*, 12

Mass. 71; *Wolcott* v. *Eagle Ins. Co.*, 4 Pick. 429; 2 Phillips on Ins. § 1196; *Forbes* v. *Aspinall*, 13 East, 327; *Joyce* v. *St. Paul F. & M. Ins. Co.*, 211 S. W. Rep. 390; *Aron & Co.* v. *U. S. Lloyds*, 275 Fed. Rep. 442; *Gibson* v. *Glens Falls Ins. Co.*, 111 Neb. 827; *Center Garage Co.* v. *Columbia Ins. Co.*, 96 N. J. L. 456.)

*Ernest Angell* and *Irving I. Goldsmith* for respondent. The insured discharged fully the burden of establishing that the loss was due to fire alone and was not due to perils not insured against, such as depreciation from use. (*Edwards* v. *Maryland Motorcar Ins. Co.*, 204 App. Div. 174.) The purpose and effect of a "valued" policy is to fix conclusively in advance of total loss the value of the property insured and thus establish the extent of the insurer's liability in the event of total loss. (*Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Columbia Trust Co.* v. *Norske Lloyd Ins. Co., Ltd.*, 100 Misc. Rep. 550; 183 App. Div. 896; 186 App. Div. 897; 229 N. Y. 556; *Sturm* v. *Atlantic Mutual Ins. Co.*, 63 N. Y. 77; *Empire Development Co.* v. *Title Guarantee & Trust Co.*, 225 N. Y. 53; *New York & Cuba Mail SS. Co.* v. *Royal Exchange Assur.*, 154 Fed. Rep. 315; *Providence & Stonington SS. Co.* v. *Phœnix Ins. Co.*, 89 N. Y. 559; *O'Brien* v. *North River Ins. Co.*, 212 Fed. Rep. 102; *Luce* v. *Springfield Fire & Marine Ins. Co.*, 15 Fed. Cas. 1071.) The award of the appraisers finding a partial loss only and fixing the "sound value" at the time of loss to be less than the agreed value fixed by the policy is not binding on the insured. Upon due proof of total loss, insured may recover for the full agreed value of the property. (*Steinberg* v. *Boston Ins. Co.*, 144 App. Div. 110; *Broadway Ins. Co.* v. *Doying*, 55 N. J. L. 569; *Montgomery* v. *American Central Ins. Co.*, 108 Wis. 146; *Hall* v. *Norwalk Fire Ins. Co.*, 57 Conn. 105; *Rosenwald* v. *Phœnix Ins. Co.*, 50 Hun, 172; *Lang* v. *Eagle Fire Ins. Co.*, 12 App. Div. 39; *Elliott* v. *Fidelity-Phœnix Fire Ins. Co.*, 267 S. W. Rep. 441; *Pennsylvania Fire Ins. Co.* v. *Drackett*, 57 N. E. Rep. 962; *Queen Ins.*

Co. v. Leslie, 24 N. E. Rep. 1072; Springfield Fire & Marine Ins. Co. v. Homewood, 32 Okla. 521; Joyce v. St. Paul F. & M. Ins. Co., 194 S. W. Rep. 745; 211 S. W. Rep. 390.)

HUBBS, J. The plaintiff insured his new automobile truck with the defendant insurance company for $5,720. The trial court has decided that the policy covering the truck is a valued policy, that there was a total loss of the truck by fire, and has awarded judgment to the plaintiff for the amount of the policy. Before this action was commenced, appraisers selected by the parties had fixed the sound value of the truck at the time of the fire at $3,700 and the loss and damage at $2,700.

A valued policy is one in which the words " valued at " appear and the amount at which the property insured is " valued at " definitely fixes the liability of the insurer and is conclusive on the parties. (Michael v. Prussian Nat. Ins. Co., 171 N. Y. 25; Phœnix Ins. Co. v. McLoon, 100 Mass. 475.) The policy in question fixes the amount at which the property was insured or valued at as $5,720. It is, therefore, a technical valued policy.

In case of a total loss under a valued policy the amount to be recovered is the amount of the policy without regard to depreciation or other elements entering into the market value of the property at the time of the loss. The appraisal clause in a valued policy is inoperative when there is a total loss. (Empire Development Co. v. Title G. & T. Co., 225 N. Y. 53, 58; Penna. Fire Ins. Co. v. Drackett, 63 Ohio St. 41.)

Consent to an appraisal does not constitute a waiver of claim to a total loss. (Penna. Fire Ins. Co. v. Drackett, supra; Seyk v. Millers Nat. Ins. Co., 74 Wis. 67.)

An appraisal clause does not permit appraisers to determine whether a loss was in fact total, as an appraisal is to determine the amount of damage only. (Hartford Fire Ins. Co. v. Bourbon County Court, 115 Ky. 109.)

The question to be determined under the appraisal in

this case was, what was the "loss or damage." The words "loss or damage" as used in the policy are explained and limited by the policy which reads: "In the event of loss or damage under this policy, this Company shall be liable only for the actual cost of repairing or, if necessary, replacing the parts damaged or destroyed." It also provides that in case of "loss or damage" the policy shall be reduced by the amount of such "loss or damage." Such provisions can only refer to a "loss or damage" less than a total loss. The provision of the policy for an appraisal reads: "In the event of disagreement as to the amount of loss or damage," an appraisal shall be had, etc.

It seems clear that the appraisal was to cover only "loss or damage" less than a total loss. If the insured under such a policy claims a total loss and the insurer a partial loss, and the latter insists on an appraisal, the granting of the appraisal by the insured cannot estop him from litigating the question of a total loss. If it be decided that the loss was not total, then the appraisal stands, but if it be decided that the loss was total, then under the valued policy the plaintiff would be entitled to receive the amount of the policy. Any other construction disregards the fact that the policy is a valued policy and treats it as an open policy.

The judgment should be affirmed, with costs.

O'BRIEN, J. (dissenting). Assume that the policy is a valued one and that, in the event of total loss, the full value as therein stated is recoverable. Assume also that when property insured under a valued policy is conceded to have been completely destroyed and to have passed out of existence, appraisal may not be enforced. (*Rosenwald* v. *Phœnix Ins. Co.*, 50 Hun, 172; *Lang* v. *Eagle Fire Co.*, 12 App. Div. 39.) When, however, the parties to an insurance contract disagree respecting the fact whether damage is partial or loss is total that rule does not apply. In such circumstances an appraisal provision in a

policy controls. (*Williamson* v. *Liverpool & London & Globe Ins. Co.*, 122 Fed. Rep. 59; *Littrell* v. *Allemannia Fire Ins. Co.*, 222 App. Div. 302.) This policy provides for an appraisal "in the event of disagreement as to the amount of loss or damage." The parties disagreed, one asserting that the loss was total, the other that the damage was only partial. After such disagreement, they contracted by formal written instrument, pursuant to the terms of the policy, to submit to appraisers for determination concerning the amount of loss or damage. Such a determination necessarily includes ascertainment whether the loss is total or the damage partial. If a total loss is concluded by the appraisers, the amount payable is the sum at which the property is valued in the policy; if a partial damage is decided, then the amount is " the actual cost of repairing or, if necessary, replacing the parts damaged or destroyed." A loss is total only when the property has sustained such extensive damage that repairs would not be reasonably practicable. (*Corbett* v. *Spring Garden Ins. Co.*, 155 N. Y. 389, 394; *Slocum* v. *Saratoga & W. Fire Ins. Co.*, 149 App. Div. 867, 870.) Since no charge of fraud, corruption or obvious mistake is made, the appraiser's determination of a loss or damage less than total seems to me to be conclusive. In the prevailing opinion three cases in other States are cited with approval. (*Penna. Fire Ins. Co.* v. *Drackett*, 63 Ohio St. 41; *Seyk* v. *Millers Nat. Ins. Co.*, 74 Wis. 67, and *Hartford Fire Ins. Co.* v. *Bourbon County Court*, 115 Ky. 109.) All those decisions are based upon statutes the operation of which is of course limited to their respective States. Believing that the true rule in New York is announced in *Littrell* v. *Allemannia Fire Ins. Co.* (*supra*), I vote for reversal.

POUND, CRANE and KELLOGG, JJ., concur with HUBBS, J.; O'BRIEN, J., dissents in opinion in which CARDOZO, Ch. J., and LEHMAN, J., concur.

Judgment affirmed.