54 N.J. Super. 541 (1959)
149 A.2d 616
HARRY FEINBLOOM AND MIRIAM FEINBLOOM, HIS WIFE, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
THE CAMDEN FIRE INSURANCE ASSOCIATION, ET AL., DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1959.
Decided March 23, 1959.
*543 Before Judges PRICE, SCHETTINO and GAULKIN.
Mr. Samuel A. Gennet argued the cause for defendants-appellants and cross-respondents.
Mr. George B. Gelman argued the cause for plaintiffs-respondents and cross-appellants (Messrs. Garven, Gelman & Hollander, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
This case was submitted to the Superior Court, Law Division, "for determination upon a stipulation of the testimony which would have been given had the witnesses been called, exhibits, and briefs * * *." Upon these the trial court found that fire had destroyed more than 50% (in value) of the materials that made up plaintiffs' frame building, located in Pompton Lakes. *544 The ordinances of Pompton Lakes forbade the repair of a frame building damaged to such an extent unless the entire building was made to conform with the building code. Plaintiffs concede that had there been no such ordinance the building could have been repaired with material of like kind and quality for $12,600. The trial court found that (because of the type of construction of what was left of the building) the building, in fact, could not be "restored" in a manner which would comply with the ordinances; and "that after a hearing before the building inspector [at which the defendant insurance companies were represented] * * * he ordered plaintiff owners to remove and demolish the building * * *," which was done.
Upon these facts the trial court concluded that plaintiffs had suffered a "constructive total loss" of the entire building, which had an actual cash value at the time of the fire of more than the $18,000 insurance upon it. Hence judgment of $18,000 was entered in favor of the plaintiffs. From that judgment defendants appeal. Plaintiffs cross-appeal from the trial court's refusal to allow interest upon the $18,000 from 60 days after they filed proofs of loss.
Defendants first ground of appeal is that under the language of the policies their liability is limited to the $12,600 which plaintiffs concede would have been sufficient to repair the property in the absence of an ordinance. In the absence of a contrary provision in the policy, the general rule is that if "by reason of public regulations rebuilding is prohibited the loss is total, although some portion of the building remains which might otherwise have been available in rebuilding." 45 C.J.S. Insurance § 913, p. 1008; 6 Appleman, Insurance Law and Practice, § 3822, p. 166; 7 Couch, Cyclopedia of Insurance Law, § 1772, p. 6029; Annotation, "Insurers liability as affected by refusal of public authorities to permit reconstruction or repair after fire," 49 A.L.R. 817 (1927); Rutherford v. Royal Insurance Co., 12 F.2d 880, 49 A.L.R. 814 (4 Cir. 1926). Cf., City of New York Fire Ins. Co. v. Chapman, 76 F.2d 76 (7 Cir. 1935).
*545 Defendants insist that the policies here (which are in the New Jersey standard form) do provide otherwise. They point first to the following language in the policy (emphasis ours):
"* * * this company * * * does insure * * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality * * * without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair * * *."
We are of the opinion that this language does not exclude liability for a constructive total loss such as we have here. It must be noted that the language does not say that the companies shall not be liable for loss caused by the operation of ordinance or law, but merely that no allowance will be made for the increased cost of repairing or reconstructing that loss. In other words, this language does not relate to the definition of a total (or partial) loss, nor to the exclusions from coverage. In short, we must first determine whether the loss was total or partial. If it is partial, the amount for which the company is liable may not be more than the "cost to repair or replace * * * with material of like kind and quality * * * without allowance for any increased cost of repair * * * by reason of any ordinance * * *." When we say the loss is total we mean that reconstruction or repair is impossible, and then this provision does not apply for there is nothing to which to add "increased cost." The maximum liability of the company then is the actual cash value of the property as of the time of the fire. Rutherford v. Royal Insurance Co., supra.
It is to be noted that the language above quoted upon which defendants rely is not included in that section of the standard policy which relates to exceptions from coverage (lines 7 to 24), but appears in that section of the policy which relates to what the company will pay for what is covered. The distinction between language which excludes loss caused by such an ordinance and language which merely *546 relates to the amount which the assured shall recover for his damage is seen clearly when we compare the language in our policies with the language used in Hewins v. London Assurance Corp., 184 Mass. 177, 68 N.E. 62 (Sup. Jud. Ct. 1903), relied on heavily by defendants. In the Hewins case the provision contained in the policy was that the insurer shall not be liable "beyond the actual value destroyed by fire for loss occasioned by ordinance or law regulating construction or repair of buildings * * *." (Emphasis ours.) In the case at bar the policy could well have said, as in the Hewins case, that the company was not to be liable "for loss occasioned by ordinance," just as it did in lines 11 to 24 of the standard policy when it said, "This company shall not be liable for loss * * * caused, directly or indirectly, by * * * enemy attack * * * neglect of the insured * * * theft."
It is to be noted also that language similar to that in our present standard policy appeared in policies throughout the country for many years prior to 1954, when the latest revision of our standard policy was adopted (L. 1954, c. 268, repealing L. 1944, c. 171). The great weight of authority had construed that language as not excluding liability for a constructive total loss. Yet in 1944, when the standard policy which, basically, is the one we now use was presented for adoption not only in New Jersey but in a majority of the states, no effort was made to change this language to bring it in line with the language used in the Hewins case, supra, or to avoid the construction placed upon it by cases such as Rutherford; and in 1954 the language was expressly continued (L. 1954, c. 268, §§ 6, 8; N.J.S.A. 1736-5.20, 1736-5.22).
Defendants next urge that the following language exempts them from liability for the loss caused by the operation of the ordinance:
"This company shall not be liable for loss by fire * * * caused, directly or indirectly, by * * * order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire * * *."
*547 This clause obviously does not apply to the situation at bar. By its terms it excludes loss by fire caused by order of any civil authority. The fire here was not so caused. If it be argued that it includes also demolition by order of the authorities following a fire, the answer is that in the case at bar the total loss was not caused by the action of the building inspector following the fire but was caused by operation of law (the ordinance) at the time of the happening of the fire. What the building inspector did thereafter was merely to establish as a matter of record that the property had been destroyed to an extent that made it impossible to rebuild it in compliance with the ordinance. The loss, therefore, was not by "order of any civil authority."
Defendants rely upon Hewins, supra; Midwood Sanitorium v. Firemen's Fund Ins. Co., 261 N.Y. 381, 185 N.E. 674 (Ct. App. 1933); and Weinstein v. Commerce Ins. Co., 196 Va. 106, 82 S.E.2d 477 (Sup. Ct. App. 1954). The Hewins case is not in point for the reasons already stated and because it involved a partial loss. The Midwood and Weinstein cases are not in point because in each it was possible to repair the building so that as a physical structure it complied with the building code. What happened in those cases was that after the fire the use to which the building had been put before the fire was no longer permitted  a situation quite different from the one at bar.
For the foregoing reasons we conclude that defendants are liable for plaintiffs' constructive total loss.
Finally, defendants argue that there was an appraisal and an award under the terms of this policy which found the amount of loss to be $12,600 and that plaintiffs are bound by it. That is not so. The appraisal provided for in the policy does not contemplate the submission to the appraisers of questions of law. Lee v. Hamilton Fire Ins. Co., 251 N.Y. 230, 167 N.E. 426 (Ct. App. 1929); Hartford Fire Ins. Co. v. Bourbon County Court, 115 Ky. 109, 72 S.W. 739 (Ct. App. 1903). They are permitted only to "appraise the loss, stating separately actual cash value and loss to each item." It is not contended that the question *548 of constructive total loss was submitted to them (the terms of the appraisal agreement have not been printed by the appellant) and it is not denied that they did not consider this question. They made no effort to decide anything except the cash value of the entire building before the fire and the damage caused by the actual burning, as distinguished from that caused by operation of law. In addition, it must be noted that in the case at bar the appraisal did not take place until after plaintiffs had started suit, and even then it was ordered by the court upon the motion of the defendants and over the strenuous opposition of the plaintiffs. The award is therefore not a bar to plaintiffs' claim.
In their cross-appeal plaintiffs contend that the trial court should have allowed interest on the $18,000 from 60 days after the filing of proofs of loss. When the complaint was filed plaintiffs' claim was unliquidated  i.e., even if it were a constructive total loss they still had to prove that the actual cash value of the building at the time of the fire was in excess of the $18,000 insurance. The appraisal was not made until July 1957, and even that was made over the protest of plaintiffs. In addition, the case was a novel one, as the trial judge said in justification of his denial of the interest. Under all of these and the other circumstances of this case we find no error in denying the interest to the plaintiffs. Cf. Rabinowitz v. Massachusetts Bonding & Ins. Co., 119 N.J.L. 552 (E. & A. 1937); Apex Metal Stamping Co. v. Alexander & Sawyer, Inc., 48 N.J. Super. 476 (App. Div. 1958); Hankin v. Hamilton Tp. Board of Education, 47 N.J. Super. 70 (App. Div. 1957), certification denied 25 N.J. 489 (1957); Jardine Estates, Inc. v. Donna Brook Corp., 42 N.J. Super. 332 (App. Div. 1956); Burton v. Asbestos Ltd., Inc., 92 F. Supp. 310 (D.C.D.N.J. 1950).
Affirmed.