352 So.2d 1242 (1977)
REGENCY BAPTIST TEMPLE, etc., Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. DD-277.
District Court of Appeal of Florida, First District.
December 8, 1977.
*1243 Frederick B. Tygart, Jacksonville, for appellant.
S. William Fuller, Jr., Jacksonville, for appellee.
SMITH, Judge.
Regency appeals from a judgment entered on a directed verdict entered at the close of Regency's case against its insurer for the difference between benefits paid for partial collapse of Regency's roof and a greater amount which Regency asserts was its insured loss. Part of the roof collapsed under standing water because the entire roof was installed with trusses upside down. A settlement was made on the basis of replacing the collapsed portion, whereupon, pursuant to municipal ordinance, the city declined to issue a building permit for repair unless the entire roof was replaced.
The trial court properly concluded that, under the policy, the amount payable was "the replacement cost of the property damaged or destroyed at the time of loss without deduction for depreciation," which amount was paid, and that insurance did not extend to expenditures necessary under the ordinance to rebuild the improperly constructed portion of the roof that did not collapse. The policy explicitly excluded coverage for loss.

*1244 "Occasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures."
The policy exclusion does not conflict with any statute to which our attention has been called. Similar provisions have been upheld in the case of partial loss. 15 G. Couch, Cyclopedia of Insurance Law § 54:166, p. 419 (2d ed. R. Anderson 1966). The rule is otherwise when, in the case of loss by fire or lightning, such a provision conflicts with Florida's valued policy law, Section 627.702, Florida Statutes (1975). Netherlands Ins. Co. v. Fowler, 181 So.2d 692 (Fla.2d DCA 1966). The present case should also be distinguished from cases in which an ordinance or regulation prevents repair of a damaged building. In those cases courts have declared the building a "constructive total loss" and held the insurer liable for the building's entire value. E.g., Feinbloom v. Camden Fire Ins. Co., 54 N.J. Super. 541, 149 A.2d 616 (1959). Compare Hewins v. London Assur. Corp., 184 Mass. 177, 68 N.E. 62 (1903) in which, as here, an ordinance merely increased the cost of repair.
Regency proceeded to trial on a pleaded theory that seems to have assumed Regency was foreclosed by its acceptance of the benefits tendered but for a mistake of fact for which the law could give a remedy. That theory is unavailing because Regency's remedy would be no greater had it never accepted the tendered settlement for replacement of the collapsed portion of the roof. No other error appears.
AFFIRMED.
RAWLS, Acting C.J., and ERVIN, J., concur.