503 So.2d 1321 (1987)
RELIANCE INSURANCE COMPANY, a Pennsylvania Corporation, Appellant,
v.
Henry T. HARRIS and Harris Engraving Company, a Florida Corporation, Appellees.
Nos. BM-406, BP-262.
District Court of Appeal of Florida, First District.
March 5, 1987.
Rehearing Denied March 30, 1987.
*1322 W. Lane Neilson, of Neilson and Associates, Orlando, for appellant.
Franklin Reinstine, of Reinstine, Reinstine, & Panken, Jacksonville, for appellees.
WIGGINTON, Judge.
Reliance Insurance Company brings this appeal from a final summary judgment holding the amount of loss due to fire damage to be the amount agreed upon by two appraisers pursuant to an appraisal clause in the insurance policy, and from an order amending a judgment for attorney's fees and costs. We affirm the final summary judgment but reverse the order of attorney's fees and costs.
Henry T. Harris and Harris Engraving Company (Harris) filed a complaint against Reliance to recover damages on a fire insurance policy, the damages having been caused by a fire to the building owned by Harris and covered by the policy. Reliance filed a motion to abate and compel appraisal pursuant to paragraph eight of the policy, which provides in part:
If the Named Insured and the Company fail to agree as to the amount of loss, each shall, on the written demand of either, select a competent and disinterested appraiser and notify the other of the appraisers selected... . The appraisers shall then appraise the loss in accordance with the policy conditions, stating separately the amount of loss, and failing to agree shall submit their differences to the umpire [previously selected by the appraisers].
An award in writing of any two shall determine the amount of loss.
Reliance's motion to compel appraisal was granted, and the parties selected the respective appraisers. In the meantime, the city demolished the building after having condemned it as a safety hazard. The appraisers disagreed as to the amount of loss and therefore submitted their differences to the umpire. The umpire subsequently rendered his award, agreeing with Harris' appraiser that the building was a total loss. Reliance's appraiser, on the other *1323 hand, figured the loss on the basis of the cost of repair, without considering the fact that the building had been demolished.
On the basis of the umpire's report, Harris filed a motion for summary judgment. In granting the motion, and entering final summary judgment, the trial court found that "[t]he period of time for demolition or repair by the Plaintiff was extended twice by the City of Jacksonville during the course of the parties' efforts to resolve plaintiffs' claim [as to the amount of loss]. The parties were unable to do so and on January 29, 1985, Plaintiff commenced this action against the Defendant for damages resulting from the fire." The court quoted the finding of loss by the umpire and concluded that there was no issue as to any material fact and that Harris was entitled to recover the face amount of the policy, less 10 percent for the policy coverage of coinsurance, less $100 representing the deductible, or $244,700 plus interest.
On appeal, Reliance raises four points, all of which are essentially bottomed on whether Harris was required to mitigate the damages to the building. It is Reliance's position that the building would not have been a total loss but for Harris' failure to repair or replace the building, or to otherwise mitigate the damages as allegedly required in paragraph 1(b) of the policy. Citing to Regency Baptist Temple v. Insurance Company of North America, 352 So.2d 1242 (Fla. 1st DCA 1977), Reliance maintains that Harris was not entitled to recover those costs arising directly or indirectly by enforcement of a local ordinance or building code, thereby referring to the city's decision to demolish the building.
We do not find the holding in Regency to be controlling herein. Regency held that where a policy contained a clause explicitly excluding coverage for loss due to the enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures, the insurance did not extend to the increased cost of repair necessary to rebuild the property in accordance with the ordinance. Such is not the situation in the instant case. Instead, these circumstances are more in keeping with the rule noted in Regency that a building will be considered a "`constructive total loss,'" and the insurer liable for the building's entire value, under circumstances where an ordinance prevents repair.
As mentioned earlier, the crux of Reliance's argument is that a genuine issue of material fact exists as to whether Harris did or should have mitigated his damages by repairing the building. However, the clause on which Reliance bases its position of mitigation only requires the insured to protect the property from further damage, make temporary repairs, and to keep accurate records of repairs. The real contention arose from the option granted Reliance under the contract to repair or replace the property lost or damaged. While squabbling over that option, the building was demolished, but through no fault of Harris' breach of an alleged duty to mitigate under the contract.
Thus, in an effort to determine whether the company would repair or replace the damaged building, the parties, as per paragraph eight of the contract set forth above, submitted the issue of the value of the building to the appraisers. That clause thereafter bound the parties to the value agreed upon by two of the appraisers. The trial court was thus eminently correct in entering summary judgment on the basis of the appraised value. Accordingly, we affirm the summary judgment.
However, we reverse the order amending the judgment for attorney's fees and costs. In entering its order amending judgment, the court granted Harris' motion for rehearing and amended the initial award of fees of $4,575 to increase it by a contingency risk multiplier of two and "the results obtained," thereby awarding a total fee in the sum of $9,150. We first hold that applying the contingency risk multiplier was improper since no contingency was involved in the instant case. Although there was some question as to the amount that would be recovered by Harris under the insurance policy, there was no question that there would be a recovery of damages. *1324 To the contrary, as pointed out in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), "[t]he contingency risk factor is significant in personal injury cases... . Because the attorney working under a contingent contract receives no compensation when his client does not prevail, he must charge a client more than the attorney who is guaranteed remuneration for his services." 472 So.2d at 1151.
Further, since the order is devoid of specific findings for enhancing the award on the basis of "the results obtained," the cause is remanded with instructions that the court conduct a new hearing on fees and enter an order setting forth the findings required in Rowe. See Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.