**RASTELLI BROTHERS, INC., Plaintiff,**

v.

**NETHERLANDS INSURANCE COMPANY T/A PEERLESS INSURANCE, Defendant.**

No. CIV. 98–2526(JBS).

United States District Court, D. New Jersey.

June 28, 1999.

Angelo J. Falciani, Woodbury, NJ, for Plaintiff.

Joel N. Werbel, Methfessel & Werbel, Rahway, NY, for Defendant.

## OPINION

SIMANDLE, District Judge.

This case arises from a disputed insurance claim. The principal issue is whether an insurance policy's appraisal clause for resolving disputes about the amount of loss—but not liability for insurance coverage upon the loss—is enforceable as an arbitration clause under the Federal Arbitration Act. According to the Complaint, plaintiff, Rastelli Brothers, Inc., submitted

a claim to its insurer, defendant, Netherlands Insurance Company t/a Peerless Insurance, for $306,717.83 in costs incurred in setting up a replacement location after plaintiff's warehouse burned down, and defendant paid plaintiff $63,307.63 on that claim. (Compl.8–9.) The parties began the appraisal process listed in the insurance policy, from which defendant unilaterally withdrew while it was ongoing but before a decision had been reached. (Id. at ¶ 11.) Plaintiff filed a Complaint in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), seeking specific performance of the appraisal clause of the policy. (Id. at ¶ 12.) Now before the Court are the parties' cross-motions for summary judgment. For the reasons stated herein, plaintiff's motion for summary judgment shall be denied, but defendant's motion for summary judgment shall be granted, and this case will be dismissed.

## I. BACKGROUND

On June 17, 1995, plaintiff, Rastelli Brothers, Inc., was a tenant at 641 Cattell Road in Deptford, New Jersey ("original location"), where it operated a warehouse and food processing plant. (Rastelli Examination Under Oath at 8:7–23.)[1] On July 17, 1995, a fire occurred at the site. (Id. at 8:7–10.) Plaintiff thereafter relocated its business operations to 1688 Delsea Drive, in Deptford, New Jersey. (Pl.'s Statement of Undisputed Facts ¶ 7.) Plaintiff had purchased the Delsea Drive building in January of 1995 and planned to move into that location within two years, allowing time to obtain necessary building permits. (Rastelli Verified Statement ¶ 3.) As a result of the fire, plaintiff first tried to set up a temporary business at the original location and then sought other temporary locations. (Id. at ¶ 4.) When none could be found, plaintiff sought emergency approval from the township to set up temporary operations at 1688 Delsea Drive. (Id. at ¶ 5.) Plaintiff made renova-

---

1. Hereinafter cited as "Rastelli Exam."

tions to the property in order to occupy it as a warehouse and plant (*id.*), and some of the renovations remained incorporated in the building after plaintiff obtained its building permit and began building a permanent warehouse and plant.

According to plaintiff, as a result of the move, it incurred extra expenses in connection with the cost to equip and operate the replacement location. (*Id.*) Plaintiff submitted to defendant a claim and sworn proof of loss for that extra expense in the amount of $306,717.83 (*id.* at ¶ 8), and defendant paid out $63,307.63 on that claim. (*Id.* at ¶ 9.)

The parties' insurance policy contains an appraisal clause which reads as follows:

E. PROPERTY LOSS CONDITIONS

* * *

2. Appraisal

If we and you disagree on the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will

a. Pay its chosen appraiser and

b. Bear the other expenses of the appraisal and umpire equally

If there is an appraisal, we will still retain our right to deny the claim.

(*Id.* at ¶ 10.) The appraisal clause thus deals exclusively with the method of handling a dispute about "the amount of loss." The policy's narrowness of the appraisal clause is demonstrated by the fact that the defendant still retains its "right to deny the claim" (*i.e.*, coverage) even if there has been an appraisal of the loss. (*Id.*)

In accordance with the policy, the parties selected appraisers, and the appraisers selected an umpire. (*Id.* at ¶ 11.) However, while the appraisal was ongoing but before the panel reached its agreement on the amount of the loss, defendant withdrew from the process. (*Id.*) Defendant sent plaintiff a letter dated December 3, 1997 which indicated as follows:

It appears that the dispute between Peerless and the insured has nothing to do with respect to the amount of the expenses incurred by the insured following the fire, but whether or not the items are covered at all. As I indicated in the past, the appraisal process cannot be utilized to make coverage determinations.

In that regard, the Peerless Insurance Company will stipulate that the expenses incurred by Rastelli as presented in the claims process were in fact incurred to move into the new business location, and that the expenses incurred were reasonable.

On the other hand, coverage for the expenses, which have not otherwise been paid to date by Peerless, is hereby denied. The reason why these expenses are denied was based upon the language of the extra expense coverage as contained in the policy, which provides as follows.

We will pay necessary extra expense you incur during the "period of restoration" that you would have not incurred if there had been no direct physical loss or damage to property at the described premises . . .

It is the position of Peerless Insurance Company that those items presented as a claim for extra expenses which have not been paid to date by Peerless would of been incurred whether or not the prior location was fire damaged. In other words, the premises would have been modified to accommodate the business operations of Rastelli whether or not there had been a fire. As coverage is being denied by Peerless for these items of extra expense, the appraisal process is hereby terminated.

(Def.'s Br. Ex. A.) [2]

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. For the reasons stated herein, plaintiff's motion for summary judgment will be denied, and defendant's cross-motion for summary judgment will be granted.

## II. DISCUSSION

### A. Summary Judgment Standard

Plaintiff filed a Complaint in this Court on June 1, 1998, alleging diversity jurisdiction, and asking this Court, pursuant to the FAA, to "enter an order to have the appraisal proceed in accordance with the terms of the appraisal clause." (Compl.¶ 12.) On October 27, 1998, plaintiff filed a motion for summary judgment, arguing that this Court should order the defendant to pay the remaining $243,-410.20, or, in the alternative, to order the defendant to continue with the appraisal. Defendant responded with its own cross-motion for summary judgment.

■ Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

■ The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex

Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989), cert. denied, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). However, where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court ——that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548.

■ The non-moving party, here the plaintiff, "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue. Fed.R.Civ.P. 56(e). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. Anderson, 477 U.S. at 249–50, 106 S.Ct. 2505.

### B. Application

■ Plaintiff argues that this Court should grant summary judgment on its request for an appraisal under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "Act" or "FAA"). The purpose of the Act is to ensure that courts enforce parties' decisions, as evidenced by contractual agreements, to resolve disputes through arbitration. See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 625–626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). As the Fifth Circuit

---

**2.** Contrary to plaintiff's counsel's assertions in his letters dated January 13, 1999 and February 23, 1999, defendant did not wait to concede the reasonableness of the expenses until after the lawsuit was filed, but rather agreed to stipulate to the reasonableness of the expenses in the same letter in which it withdrew from the appraisal process, quoted above.

stated in *Hartford Lloyd's Insurance Co. v. Teachworth*, 898 F.2d 1058, 1061 (5th Cir.1990), "[t]he sine qua non of the FAA's applicability to a particular dispute is an agreement to arbitrate the dispute in a contract which evidences a transaction in interstate commerce." *Id.*

■ The FAA creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Thus, whether an issue is arbitrable is a substantive federal issue. *Teachworth*, 898 F.2d at 1061 (citing *Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)).

■ Plaintiff argues that the appraisal clause in its insurance policy with defendant is an arbitration clause which this Court must enforce under the FAA. The FAA itself does not define what constitutes an arbitration. Plaintiff contends that the Supreme Court defined an appraisal as an arbitration in *Hardware Dealers' Mut. Fire Ins. Co. of Wisconsin v. Glidden Co.*, 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931). The insurance policy in *Hardware Dealers'* contained an appraisal clause similar to the one in this case designed to fix the amount of the loss. *Id.* at 155 n. 1, 52 S.Ct. 69. At several points in the opinion, the Supreme Court refers to this as an arbitration clause, for example stating that "[t]his type of arbitration clause has long been commonly used in fire insurance policies...." *Id.* at 157, 52 S.Ct. 69. *See also id.* at 159, 52 S.Ct. 69 ("appraisal of the loss by arbitration").

However, the *Hardware Dealers'* case did not address the enforceability of appraisals as arbitrations under the FAA and, especially in light of the fact that the Act does not define what constitutes an arbitration, there is no evidence that Congress intended to include appraisals as arbitrations which must be enforced. The Fifth Circuit and the Ninth Circuit have both held that the definition of arbitration is to be provided from state law. *See Teachworth*, 898 F.2d at 1062; *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir.1987). In *Wasyl*, the Ninth Circuit "acknowledged that federal substantive law controls questions of arbitrability, but noted that the FAA does not define 'arbitration'. The court reasoned that since state law is only preempted to the extent necessary to protect the achievement of the aims of the FAA, in circumstances such as these a court should be able to look to state law provided it is not inconsistent with the goals of the FAA." *Teachworth*, 898 F.2d at 1062 (discussing *Wasyl*, 813 F.2d at 1581–1582). Looking to California state law, the Ninth Circuit determined that California included appraisals in the statutory definition of an agreement to arbitrate. *Wasyl*, 813 F.2d at 1582. The Fifth Circuit agreed with the Ninth Circuit that the definition of arbitration derives from state law as long as not inconsistent with the purposes of the FAA, and, looking to Texas law, found that appraisals are excluded from the FAA. *Teachworth*, 898 F.2d at 1062–1063.

■ This Court agrees with the reasoning of the Fifth and Ninth Circuits. This view is consistent with the Supreme Court's decision in *Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 477–478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), in which the Court held that the FAA preempts state law only to the extent that it stands as an obstacle to the accomplishment of the purposes and objectives of the FAA. *See also Recold, S.A. de C.V. v. Monfort of Colorado, Inc.*, 893 F.2d 195, 197 n. 6 (8th Cir.1990) (interpreting *Volt* as saying that courts should apply general state law principles when deciding issues of whether a party agreed to arbitrate a dispute, while recognizing that federal policy favors arbitration). It is therefore necessary to look to New Jersey law to determine whether an appraisal is within the FAA.

■ Though some states have passed statutes to the contrary, see, e.g., *Teachworth*, 898 F.2d at 1062–1063 (Texas law), there is generally a great distinction between arbitration and appraisal, for while arbitration may be wide in its scope, an appraisal is limited to the narrow issue of the amount of loss:

An agreement for arbitration, as that term is now generally used, encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for an appraisal extends merely to the resolution of the specific issues of cash value and the amount of loss, all other issues being reserved for settlement by negotiation, or litigated in an ordinary action upon the policy. For example, it has been said that a clause in a fire policy providing for simple appraisal of values, so as to determine the amount of loss, is distinct from an arbitration clause, whereby the parties seek to substitute tribunals other than courts to determine an entire controversy.

George J. Couch, Ronald A. Anderson, Mark S. Rhodes, *Couch on Insurance* § 50:5 (2d Ed.1982).

■ New Jersey is in agreement with this majority view. In New Jersey, an appraiser, pursuant to a fire policy, can make no legal determinations. *See Elberon Bathing Co., Inc. v. Ambassador Ins. Co., Inc.*, 77 N.J. 1, 15, 389 A.2d 439 (1978) (overturning an appraisal because it was based on a legal error and noting that an appraiser cannot make legal determinations); *Feinbloom v. Camden Fire Ins. Ass'n*, 54 N.J.Super. 541, 547, 149 A.2d 616 (App.Div.) (interpreting a similar appraisal clause as limiting the appraiser's power to the issue of amount of loss), *cert. denied*, 30 N.J. 154, 152 A.2d 172 (1959). In determining that appraisals were excluded from New Jersey's Arbitration Act, N.J.S.A.

2A:24–1, *et seq.*, the New Jersey Supreme Court compared appraisals and arbitrations:

The purposes of both are the same: to submit disputes to third parties and effect their speedy resolution without recourse to the courts. To assure minimum judicial intervention, the scope of judicial review of both types of recourse is narrow. . . . The distinctions are significant. An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, and judgment may be entered upon the award, whereas an appraisal establishes only the amount of loss and not liability . . . .

*Elberon*, 77 N.J. at 16, 389 A.2d 439 (citations omitted).

Thus, appraisals themselves are not within the Act such that this Court must order that they be done. Plaintiff cites *Hala Cleaners, Inc. v. Sussex Mutual Ins. Co.*, 115 N.J.Super. 11, 12, 277 A.2d 897 (Ch.Div.1971), for the proposition that "New Jersey courts would enforce the appraisal clause even though liability was disputed and amount of loss might be determined in the insured's action to establish liability." The *Hala* case, however, is not applicable to the facts of the instant case. In *Hala*, both liability and amount of loss were in dispute, and the Court simply held that the parties could be compelled to go through the appraisal process listed in the policy even though the issue of amount of loss, which was within the appraiser's jurisdiction, could also be raised in the legal liability action. *Id.* Here, on the other hand, the amount of loss—the only issue which the appraiser has the power to decide—is not in dispute, as defendant has stipulated that the amount of the loss was reasonable.[3]

The parties' agreement as to the amount of loss must be reviewed in the context of

---

3. Plaintiff essentially concedes this point. In plaintiff's counsel's letter of January 13, 1999, he notes that by stipulating to reasonableness and necessity of expenses, the defendant

"made the appraisal proceedings moot since defendant had agreed to the amount of loss and there was nothing for the appraisers to do." (Begier Ltr. Of 1/13/99 at 2.)

defendant's denial of coverage on that loss. That is an issue which the defendant specifically reserved the right to raise (see Rastelli Verified Statement ¶ 10), and one which the appraiser is not empowered to decide under the contract's appraisal clause. As there is no issue for the appraiser to decide, the plaintiff is not entitled to the relief he seeks. The Court holds that the parties did not agree, in the underlying insurance contract, to place the issue of insurance coverage into the hands of the appraiser. Plaintiff's motion for summary judgment will therefore be denied, and defendant's motion for summary judgment will be granted.

 Plaintiff additionally argues that this Court should grant summary judgment awarding it $243,410.20 because the insurance policy itself does provide coverage for this loss. However, that issue is not properly before this Court; plaintiff did not seek that relief in the Complaint, and plaintiff cannot seek summary judgment on an issue which was never raised in the Complaint.[4] In its reply brief, plaintiff makes two arguments as to why this Court should nonetheless grant summary judgment on that issue. First, plaintiff argues that it did not know that coverage would be disputed until after the filing of the Complaint, at which time defendant raised the coverage issue and mooted the appraisal issue, thus forcing plaintiff to seek summary judgment on the coverage issue. (Begier Ltr. Of 1/13/99 at 2.) However, plaintiff is incorrect. In a December 3, 1997 letter, written six months before this lawsuit was filed, defendant stated that the reason why it would not continue with the appraisal was because it agreed with plaintiff on the amount of loss but disputed coverage. (Def.'s Br. Ex. A.) Plaintiff was aware of this before filing suit and yet sued only to enforce its contractual right to an appraisal. As plaintiff did not raise the issue of defendant's liability to provide insurance coverage in the Complaint, and as defendant did not file a declaratory action seeking to establish that the claim was not covered, no party properly put the issue before this Court.

Second, plaintiff argues that we should grant summary judgment awarding plaintiff the amount of the loss because, in the final sentence of the Complaint, plaintiff asks "that the court order the appraisal to proceed and that the court grant such other relief as may be just and equitable under the circumstances." That sentence, however, does not constitute a request for judgment on the merits of coverage. No claim for coverage is asserted, and no request for money damages is sought in the Complaint. Nothing in the pleadings gives notice to defendant that plaintiff sought to obtain a declaratory judgment regarding defendant's coverage liability, nor has plaintiff sought leave to amend the Complaint. Moreover, as the plaintiff was aware that coverage was in dispute and yet focused the Complaint solely on the right to an appraisal and not on coverage, it would be neither equitable nor just for this Court to decide that the policy covered the loss and grant the plaintiff $243,-410.20. Plaintiff's motion for summary judgment is dismissed in that respect as well, and no adjudication of coverage may be made upon the present pleadings.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment will be denied and defendant's cross-motion for summary judgment will be granted. The accompanying Order is entered.

## ORDER

This matter having come before the Court upon plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment; and the Court having

---

4. Fed.R.Civ.P. 56(a) states that a party may move for summary judgment upon a "claim, counterclaim, or cross-claim or to obtain a declaratory judgment." The issue upon which plaintiff is seeking summary judgment, liability for the amount of the loss, was not a claim in the Complaint, and thus there is no basis for summary judgment.

considered the parties' submissions; and for the reasons expressed in an Opinion of today's date;

IT IS this day of June 1999 hereby

ORDERED that plaintiff's motion for summary judgment be, and hereby is, *DISMISSED* to the extent it seeks a finding of liability and an award of money damages and *DENIED* in all other respects; and it is

ORDERED that defendant's cross-motion for summary judgment be, and hereby is, *GRANTED.*

JUDGMENT is entered for the defendant.