# STATE OF ILLINOIS,

OF CASES ARGUED AT

JANUARY TERM, 1862, AT SPRINGFIELD.

27    71
106a ¹ 89

27    71
112a ¹309

## THE ÆTNA INSURANCE COMPANY, Plaintiff in Error, v. WILLIAM PHELPS, Defendant in Error.

### ERROR TO MASON.

In an action upon an insurance policy; which contains a condition that in the event of a loss, the company may at its option restore the building; it is unnecessary to negative the performance of this condition, in the declaration. It is a condition subsequent, and if performed, the company should allege it in defense of the action.

Upon a default, a writ of inquiry issues to have the damages assessed, which may be executed in court or be directed to the sheriff to execute in vacation. It would be regular for the sheriff to summon a jury from the bystanders, and have the damages assessed in the presence of the court.

THIS was a suit brought by Phelps, in the Circuit Court of Mason county, against the Ætna Insurance Company, upon a fire policy issued by said company.

The declaration contains four special counts. The first upon the policy according to its alleged legal effect. The other counts are upon the policy in "*hæc verba.*"

In each count the allegation of the interest of Phelps in the premises destroyed by fire, is as in the first count, "said plaintiff was interested," etc., without otherwise setting forth the nature of the interest.

The breach of each count is the same as alleged in first count, to wit: "Said defendant has never paid said plaintiff the sum of twenty-five hundred, or any part thereof."

To each of the counts the defendant below filed a demurrer. The demurrer to the first count, craving oyer of and setting out the policy with its conditions—the causes of demurrer, that the counts do not sufficiently disclose the interest of the plaintiff below; that the contract or policy of insurance declared on, discloses a contract in the disjunctive, viz., the 12th condition, and the first count fails to set out said condition, and this and each of the other counts fail to allege any breach of this condition.

The 12th condition of the policy is as follows: "Payment of losses shall be made in sixty days after the loss shall have been ascertained and proved, and in case differences shall arise touching any loss, it may be submitted to the judgment of arbiters indifferently chosen, whose award, in writing, shall be binding on the parties. In case of any loss on, or damage to, the property insured, it shall be optional with the company to replace the articles lost or damaged with others of the same kind and equal goodness; and to rebuild or repair the building or buildings within a reasonable time, giving notice of their intention so to do within thirty days after the preliminary proof shall have been received at the office of the company."

The last clause of the policy is, "And that this policy is made and accepted in reference to the conditions hereto annexed, which are to be used and resorted to, in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

The court overruled the demurrer, and judgment thereupon was entered for the amount of damages assessed by a jury and costs. The regular jury had all been discharged, and upon the order of the court, the sheriff summoned twelve jurors, who made this assessment.

The errors assigned, question the correctness of the decision of the court below in overruling the demurrer, and the right of the court to summon a jury after all the regular panel had been discharged.

Stuart, Edwards & Brown, for Plaintiff in Error.

James Roberts, for Defendant in Error.

Walker, J. It is urged, that the declaration in this case was insufficient, and that the court below erred in overruling

the defendant's demurrer. The policy upon which suit was brought, contains this amongst other provisions : " In case of any loss on, or damage to, the property insured, it shall be optional with the company to replace the articles lost or damaged, with others of the same kind and equal goodness; and to rebuild or repair the building or buildings within a reasonable time, giving notice of their intention so to do within thirty days after preliminary proof shall have been received at the office of the company." It is insisted, that the declaration is substantially defective, for the want of an averment, negativing this clause. By the common law rules of pleading, in declaring upon a bond with a condition annexed, breaches were alone required to be assigned upon the bond. If there had been a performance of the defeasance or condition, it was held to be matter of defense. And this is certainly true of all conditions subsequent. 1 T. R. 640. It is however otherwise, with conditions precedent. Gould, in his treatise on Pleading, 177, states the rule thus: " It is never necessary, by the common law, for the plaintiff, in his declaration to state or in any manner to take notice of any condition subsequent annexed to the right he asserts. For the office of such condition is not to *create* the right on which the plaintiff founds his demand ; but to *qualify* or *defeat* it. The condition therefore, if performed or complied with, is matter of defense, which it is for the defendant to plead."

In this case the defendant in error became, according to the covenants contained in the policy, entitled to recover at the time the loss occurred. But by this condition the company had the right to defeat the recovery, by rebuilding the property destroyed. If they performed this subsequent condition, they should have pleaded the performance. This condition was inserted solely for the benefit of the company, its performance was to be subsequent to any loss which might occur, and after notice of that fact, and was purely a matter of defense. *Howard Fire and Marine Ins. Co.* v. *Cornick,* 24 Ill. 455.

It is also urged that the court erred in impanneling a jury to assess the damages, after the regular panel had been discharged for the term. At common law, the court had the unquestioned right to issue a *venire facias,* at any time during its session, returnable to the term, whenever the business of the corut might require it. And we must suppose if it was designed to constitute this a regular panel, that such a writ was issued. But if that were not so, still upon a default, a writ of inquiry may issue to have the damages assessed, which may be executed in court, or be directed to the sheriff

to execute in vacation. If the sheriff executed the writ, by summoning the jury, and having the damages assessed in the presence of the court, it would certainly be as regular as if done in vacation. So that whether it were executed before the court, or the sheriff, with a portion of the regular panel or bystanders, can make no difference. We are unable to perceive any error in this record requiring the judgment of the court below to be reversed, and it is therefore affirmed.

*Judgment affirmed.*