THE MIDWOOD SANATORIUM, Appellant, *v.* FIREMAN'S FUND INSURANCE COMPANY OF SAN FRANCISCO, Respondent, Impleaded with Others.

(Argued March 8, 1933; decided April 11, 1933.)

*Herman Mendes* and *George Lessall* for appellant. The Appellate Division erred in dismissing the complaint. (*Davis* v. *Grand Rapids Ins. Co.*, 15 Misc. Rep. 263; 157 N. Y. 685; *Grand Rapids Fire Ins. Co.* v. *Finn*, 60 Ohio St. 513; *Wynkoop* v. *Niagara Fire Ins. Co.*, 91 N. Y. 478; *Hewins* v. *London Assur. Corp.*, 184 Mass. 177; *Larkin* v. *Glens Falls Ins. Co.*, 80 Minn. 527; *Sergent* v. *Liverpool & L. & G. Ins. Co.*, 155 N. Y. 349.) The Appellate Division's reversal of the judgment upon the ground that plaintiff is not entitled to a recovery as for a total loss was erroneous (*Palatine Ins. Co.* v. *Nunn*, 99 Miss. 493; *Brady* v. *Northwestern Ins. Co.*, 11 Mich. 425; *Larkin* v. *Glens Falls Ins. Co.*, 80 Minn. 527; *Hewins* v. *London Assur. Corp.*, 184 Mass. 177; *Manchester Fire Ins. Co.* v. *Feibelman*, 118 Ala. 308; *Melcher* v. *Ocean Accident & Guarantee Corp.*, 226 N. Y. 51; *Faber* v. *City of New York*, 213 N. Y. 411; *Cannon* v. *Fargo*, 222 N. Y. 321; *Shuman* v. *Hall*, 246 N. Y. 51; *Zang* v. *Joline*, 159 App. Div. 885.)

*Frederic C. Pitcher* and *Ruth I. Wilson* for respondent. The Appellate Division rightly held, as matter of law, that plaintiff failed to prove a total loss by fire, because the order to discontinue the use of the building as a sanatorium was based on insufficient means of egress and not on any condition caused by the fire. (*Pocahontas Tanning Co.* v. *Fidelity-Phenix Fire Ins. Co.*, 216 App.

Div. 435; 243 N. Y. 644; *Security Ins. Co. v. Rosenberg*, 227 Ky. 314; *Whitlatch v. Fidelity & Casualty Co.*, 149 N. Y. 45; *Providence Washington Ins. Co. v. Board of Education*, 49 W. Va. 360; *Bird v. St. Paul F. & M. Ins. Co.*, 224 N. Y. 47.) The Appellate Division correctly held as matter of law that plaintiff could not recover for a total loss because it failed to prove that it was prohibited from repairing the building. (*Brady v. Northwestern Ins. Co.*, 11 Mich. 425; *Security Ins. Co. v. Rosenberg*, 227 Ky. 321; *Lux v. Milwaukee Mechanics Ins. Co.*, 322 Mo. 342.) The clause in the policy, " but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality " fixes the limit of the insurer's liability. (*McCready v. Hartford Fire Ins. Co.*, 61 App. Div. 583; *Boskowitz v. Continental Ins. Co.*, 175 App. Div. 18; *Providence Washington Ins. Co. v. Board of Education*, 49 W. Va. 360; *Gouin v. Northwestern Nat. Ins. Co.*, 145 Wash. 199.) The Appellate Division rightly ruled that, as matter of law, there could be no recovery even for partial loss, because the demolition of the building, begun before proofs of loss were filed, deprived defendant of its optional right to repair the fire damage. (*Astrich v. German-American Ins. Co.*, 128 Fed. Rep. 477; 131 Fed. Rep. 13; 198 U. S. 583; *Beals v. Home Ins. Co.*, 36 N. Y. 522; *Marblestone Co. v. Phœnix Assur. Co.*, 169 Minn. 1; *Oshkosh Match Works v. Manchester Fire Assur. Co.*, 92 Wis. 510; *Hamilton v. Liverpool, L. & G. Ins. Co.*, 136 U. S. 242.) After defendant's rights of inspection, appraisal and repair had been cut off by the demoiltion of the building, defendant was not obliged to go through the futile formality of demanding these rights. (*Woolner v. Hill*, 93 N. Y. 576; *Sokoloff v. National City Bank*, 250 N. Y. 69; *Drake v. Hodgson*, 192 App. Div. 676; *Hamilton v. Liverpool, L. & G. Ins. Co.*, 136 U. S. 242; *Marblestone*

v. *Phœnix Assur. Co.*, 169 Minn. 1; *Oshkosh Match Works* v. *Manchester Fire Assur. Co.*, 92 Wis. 510; *Astrich* v. *German-American Ins. Co.*, 128 Fed. Rep. 477; 131 Fed. Rep. 13; 198 U. S. 583; *Siegel* v. *Ohio Millers' Mut. Fire Ins. Co.*, 29 Fed. Rep. [2d] 988; *Johnson* v. *Hartford Fire Ins. Co.*, 94 Misc. Rep. 163.)

LEHMAN, J.   The defendant Fireman's Fund Insurance Company of San Francisco issued a policy of fire insurance on premises owned by the plaintiff and occupied by it as a sanitarium.   The building covered by the policy is a frame structure erected within what is known as a " fire district " in the city of New York.   Under the ordinances of the city of New York, existing frame buildings erected within such districts are legal, but any existing frame building which may be in need of structural repairs to an amount greater than fifty per cent of its value exclusive of the foundations " shall not be repaired or rebuilt, but shall be taken down."   (Ch. 5, art. 5, § 93.)

The plaintiff's building was damaged by fire on June 12, 1928.   The damage was confined to the roof and upper part of the building.   Estimates of the damage varied from $6,500 to $8,800.   Before the proofs of loss were filed or any friendly agreement arrived at as to the amount of damage done by the fire, the plaintiff received a letter signed by the Superintendent of Buildings, which stated: " Due to the fact that this building is a frame construction and having inadequate means of egress in the event of fire, you are hereby directed to have the building vacated and its use as a sanitarium discontinued."   Thereupon the plaintiff arranged to have the building demolished and a fireproof building constructed.   Before the work was begun the defendant wrote to the plaintiff a letter which reads as follows in part: " It is stated that you intend to tear down the present structure and rebuild on modern

lines. May we suggest, assuming this to be true, that you defer this action until after the companies can exercise their rights to either repair the damage or have an appraisal. While we trust you do not contemplate this action, we beg to advise you that such a course on your part will be given such legal effect as it is fairly entitled to. * * * This is written without any admissions or waivers but simply to put you on notice of our view of the present status of the case, and to hope that we may reach a friendly agreement as to amount of value and loss." Disregarding this letter, the plaintiff proceeded to demolish the building, and brought this action against the defendant, claiming that it is entitled to recover from the insurance company for the total loss or destruction or the building, and not merely the cost of repairing or replacing the damaged portions.

A fire which so damages a building that it cannot be repaired or rebuilt causes a loss to the owner of the entire value of the building, even though part of the building remains standing. That is as true in a case where the State prohibits rebuilding or repair as it is where physical conditions make such rebuilding or repair impossible. Where a policy insures an owner against all loss or damage caused by fire, but reserves to the insurer an option to rebuild instead of paying the loss caused by the fire, the insurance company cannot avail itself of its option if the law prevents rebuilding, nor can the owner's loss or damage be measured by the cost of repairs which he is forbidden to make. In such circumstances it has been held that the insurer must pay the full amount of the loss actually caused to the owner. (*Palatine Ins. Co.* v. *Nunn*, 99 Miss. 493; *Brady* v. *North Western Ins. Co.*, 11 Mich. 425; *Hewins* v. *London Assur. Corp.*, 184 Mass. 177.) In this case the evidence shows that the damaged portion of the building could be repaired or replaced with material of

like kind and quality without violation of any municipal ordinance of the city of New York, but that if such repairs or replacements were made, the owner would not be allowed to occupy the building as a sanitarium, and that the building could not profitably be used for any other purpose. The ordinances of the city of New York required a different form of construction and better means of egress for buildings used for the care of the sick; and though the city authorities had not previously objected to continued occupancy by the plaintiff of a building which did not comply with such requirements, they would not grant any permit for such occupancy after repairs necessitated by the fire were made. The Appellate Division has held that under such circumstances the owner has not suffered a total loss of the value of the building. Strong argument could be made in support of that conclusion, but it is unnecessary to decide such question, for by the terms of the policy the insurance company has agreed to pay loss and damage to the premises by fire " but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality   *   *   *   without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair." The owner accepted that limitation upon the liability assumed by the insurer. In no event can it be entitled to more than such cost. In all the cases cited above, the policies contained no such limitation on the liability assumed by the insured, except one policy, among several, in *Hewins* v. *London Assur. Corp.* (*supra*), and there the court enforced that limitation. The defendant clearly cannot be held to any liability beyond that which it assumed.

The Appellate Division has gone further, and held that the defendant has been released even from that liability,

because the plaintiff by premature demolition of the building deprived the defendant of its right at its option to take the property at its appraised value or to repair, rebuild or replace it with other of like kind and quality. In this the Appellate Division erred. The defendant, it is true, had an option to substitute, for its primary obligation to pay the loss or damage caused by fire, an obligation to take the property at its appraised value, or to repair the damage itself. (*Ætna Ins. Co.* v. *Phelps*, 27 Ill. 71.) It could not avail itself of its option without giving notice that it chose to do so. (2 Williston on Contracts, § 894.) It has given no such notice, and has not substituted either optional obligation in place of its primary obligation. The rule that a party to a contract cannot insist upon performance of a condition precedentwhere he has rendered such performance impossible or futile (2 Williston on Contracts, § 767) has no application here. Notice was necessary to make the option available as a right. The plaintiff has not made performance of that condition impossible. (Cf. *Eliot Five Cents Sav. Bank* v. *Commercial Union Assur. Co.*, 142 Mass. 142.) If the defendant had chosen to give notice that it would exercise its option to substitute one of the optional obligations in place of the primary obligation, even after the plaintiff had rendered performance of such optional obligation impossible, then the defendant might have been in a position to say that it could no longer be called upon to perform its primary obligation to pay the loss or damage caused by fire, and could not be called upon to pay damages for failure to perform its substituted obligation because the plaintiff had rendered such performance impossible. It is not in a position to claim release from its primary obligation when it has failed to give the notice which was a condition precedent to any right to make such substitution. The plaintiff has not breached any

covenant which constituted a condition precedent to liability on the part of the defendant, and the defendant has not chosen to avail itself, as it might have done by proper notice, of its right to substitute a secondary obligation for its primary obligation. The plaintiff may, therefore, enforce the defendant's promise to pay the loss or damage caused by the fire to the extent not exceeding the amount which it would cost to repair or replace the damaged property with material of like kind and quality. (*Davis* v. *Grand Rapids Fire Ins. Co.*, 15 Misc. Rep. 263; affd., 157 N. Y. 685.)

The judgment should be reversed, without costs, and a new trial granted.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment reversed, etc.