**ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff,**

v.

**STANDARD OIL COMPANY, Defendant.**

**Civ. A. No. 1198.**

United States District Court
S. D. Mississippi, W. D.

Feb. 21, 1968.

Burkett H. Martin, Dent, Ward, Martin & Terry, Vicksburg, Miss., for plaintiff.

W. E. Suddath, Jr., Watkins & Eager, Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

This is a suit to recover all by indemnity or a part by contribution of the money expended by the railroad in settling a judgment of an employee for a personal injury sustained on a tank car when the grab-iron at the rear end of the tank car gave way when the conductor attempted to pull himself on board the car. This suit is before the Court without the intervention of a jury, seeking such recovery under an indemnity clause in a spur track agreement covering the oil company's bulk site at Meridian. The plaintiff is an interstate rail carrier. The defendant is a major oil company engaged in the sale of petroleum products. The agreement contains an indemnity clause [1] which is the basis for this suit.

The defendant leased Tank Car No. UTLX 38078 from Union Tank Car Company for the shipment of its petroleum products from its Meridian plant in interstate commerce to points in Mississippi and elsewhere. The plaintiff's train crew at Meridian connected to said empty car for the purpose of switching it on to defendant's spur track when its conductor (Donald) received a painful and serious injury as a result of the giving away of the grab-iron (in two places) extending along the backend and left side of said car when he caught hold of said grab-iron to pull himself on board of said car during such switching operation. The employee of said railroad recovered seventy-five thousand dollars from it in the state court by reason of said accident with said public carrier under the provisions of the Federal Employer's Liability Act and the Safety Appliance Act applicable thereto.[2] Plain-

tiff seeks indemnity or contribution here from the defendant by reason thereof. The validity of the spur track agreement and the right of the plaintiff to sue on such agreement is not assailed.

■ The defendant is not a carrier and is not a party to the Interchange Rules of the Association of American Railroads as promulgated in 1967. The defendant was not required by any express or implied provision of the sidetrack agreement to have anybody inspect the safety appliances on its rented cars, and it had no facility for making any such repairs and such facts have been known to both parties for many years prior to this accident in 1966. The railroad prepared this sidetrack agreement and nothing may be imported therein by way of enlargement of any duty or obligation imposed upon the defendant by the agreement as executed. The invariable practice and course of dealing between the carrier and its shipper in the past had been that experienced inspectors of the carrier made their own inspection of such equipment from time to time as required under the Safety Appliance Act of Congress, and any necessary repairs to such equipment were reported to and made by Union Tank Car Company as the owner of the equipment. The carrier was required by law to see that its equipment at all times was reasonably safe for use by its employees and this obligation was non-delegable. The defendant never assumed any duty or obligation toward any employee of the railroad and never absolutely and unconditionally assumed any obligation to indemnify the carrier for any injury one of its employees might sustain on said equipment by reason of any failure of the shipper to inspect and detect a latent

1. "The shipper also agrees to indemnify and hold harmless the railroad company for loss, damage or injury from any act or omission of the shipper, its employees, or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about the track; and if any claim or

liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally."

2. Safety Appliance Act, 45 U.S.C.A. § 4; Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

defect in said grab-iron which caused the injury to plaintiff's conductor.

■ It may be doubted on good authority that anybody was negligent in not discovering the fact that this grab-iron had rusted in behind the sleeve support which held it to the tank to such extent that it would not sustain the weight of this conductor and serve the purpose for which it was constructed without breaking at such weakened point. A reasonable visual inspection of this grab-iron would not have ordinarily revealed this hidden defect therein. One would have been obliged to know of the existence of such defect to have made the test necessary to have revealed its existence. There is nothing to be found in the indemnity clause of such agreement in suit to indicate that the parties intended that this shipper furnishing this car as it did should become an insurer of its absolute safety on this occasion. There is nothing in this record before the Court to indicate that the shipper was remiss in the performance of any duty it owed this carrier or its employee in not discovering and reporting, or correcting this defect in this grab-iron before said employee of the carrier was injured. In the absence of a contractual duty to the carrier or its employee, the shipper surely had no such duty as a matter of law or custom to either of them. No case is cited by either party or found by the Court on independent research to support any contrary view. It may be doubted on sound authority that any carrier would have the right to exact any such indemnity from a shipper in addition to its usual and ordinary tariffs promulgated for its service.

In sum, the defendant had no notice or knowledge of this defective appliance on this rented tank car and its existence was not detectable on any reasonable inspection. On the other hand, the railroad had this equipment at the time of this accident in its exclusive possession and control. The shipper had made no express or implied representations as to the condition of the car or the safety of any of its appliances on this occasion. It may not be gainsaid under such circumstances that this shipper did not violate or breach any duty it may have owed this railroad employee on this occasion. The railroad is charged by law with the nondelegable duty to know that this grab-iron on this car was safe for use by its employee before accepting and taking possession of the car. The Court finds as a fact from the evidence before it in this case that this shipper was not guilty of any negligence in any respect on this occasion. The railroad on the other hand had notice equivalent in law of knowledge of the existence of such defective condition in this appliance on this car. Only a short time prior to this accident on January 25, 1966, the railroad had this car in its shop for repair and at such time it repaired some part of the grab-iron at an unrevealed location on this car. This grab-iron was rusty and had thinned to the point that it was weakened and would not support the weight of this conductor as the law required under normal use. This railroad employee was thus injured as the sole proximate result of the railroad's negligence.

■■ The indemnity clause in this spur track agreement was prepared by the railroad and all reasonable doubts in its application must be resolved against its author. This agreement was obviously designed and intended solely as a protection of the railroad from liability for acts done or omitted by the shipper on its premises which occasioned litigation. Nothing was said any where in the spur track agreement to give rise to any duty or obligation of the shipper to inspect its rented cars for safety each time delivered to this railroad for service. That agreement of these competent parties cannot be enlarged upon here by the Court under the guise of construing it to ascertain its meaning. It is the general rule that a public utility or common carrier cannot contract against liability for his own negligence, and it may not be doubted that such a tort feasor may not recover under an indemnity

agreement which impinges upon this rule.[3] There is thus before the Court in this case no substantial proof of any right to indemnity and certainly no proof of any statutory right to contribution under the facts and circumstances in this case.

The Court, therefore, finds as a matter of fact and concludes as a matter of law that the claim of the plaintiff in this case is without merit in its entirety and should be dismissed with prejudice at plaintiff's cost.

A judgment accordingly may be presented.

---

3. Bisso v. Inland Waterways Corporation, 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911; Chicago & Northwestern Railway Company v. Davenport, (5CA) 205 F.2d 589, cert. denied 346 U.S. 930, 74 S.Ct. 320, 98 L.Ed. 422.