## Carl O. BRADFORD

v.

## The HOME INSURANCE COMPANY.

Supreme Judicial Court of Maine.

March 31, 1978.

---

Powers & Bradford by John D. Clifford, IV (orally), Paul L. Powers, Freeport, for plaintiff.

Norman & Hanson by Stephen Hessert (orally) David C. Norman, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

Upon cross-motions for summary judgment in Superior Court in Cumberland County the parties joined issue upon the construction which should be given the following language in the homeowner's insurance policy issued by the Defendant to the Plaintiff:

> . . . (T)his company . . . does insure the Insured . . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, *without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair* . . . .. (Emphasis added).[1]

The facts had been stipulated. In September, 1975, during the period of coverage under the policy, a truck backed over the leaching field at the insured premises, totally destroying it. The cost of replacing the leaching field with material "of like kind and quality" would have been $1,000.00. However, the requirements of the Maine Plumbing Code caused the Plaintiff to expend $2,300.00 to obtain a septic system complying therewith.

That the loss was covered is undisputed, but the parties disagreed as to whether the Defendant's liability under the policy was $1,000.00 or $2,300.00. The court below ruled that the above quoted clause "necessarily limited" the Plaintiff's recovery to $1,000.00, and ordered judgment for the Plaintiff in that amount. The Plaintiff appealed.

---

1. The quoted language follows 24–A M.R.S.A. § 3002, which is mandatory insofar as this or any other policy on Maine property insures against loss from fire.

We deny the appeal.

When the law prohibits repair of a partially destroyed building, the loss has often been deemed total for property insurance purposes. E. g., *Fireman's Insurance Co. v. Houle*, 96 N.H. 30, 69 A.2d 696 (1949). The rationale of such cases is that the insured has suffered a constructive total loss. However, the cases to that effect relied upon by the Plaintiff generally did not involve limitation clauses similar to the one in the case at bar.

The distinction is illustrated by *Hewins v. London Assur. Corp.*, 184 Mass. 177, 68 N.E. 62 (1903). *Hewins* involved several consolidated fire loss cases, one of which involved a policy containing a clause similar to the one in effect here, while the rest did not. The court applied the constructive total loss rationale in those cases where there was no limitation clause in the policy, but gave effect to the clause in the one policy which provided that the insurer would not be liable for loss occasioned by any law regulating construction or repair of buildings. The court stated that the fair construction of such a limitation clause

> . . . is that such portions of the damage caused by the change in condition of the building as arises from the existence of the building laws . . . is not to be considered as a loss or damage by . . . (a covered peril) . . but is to be excluded from consideration, and the loss is to be estimated as if there were no building laws affecting the situation. 184 Mass. at 183, 68 N.E. at 64.

In *Feinbloom v. Camden Fire Ins. Ass'n.*, 54 N.J.Super. 541, 149 A.2d 616, pet. den. 30 N.J. 154, 152 A.2d 172 (1959), upon which Plaintiff relies, a New Jersey court held that a similar limitation clause did not apply to a total loss situation. That court reasoned that the threshold question was to determine whether the loss was total or partial, since the limitation clause did not purport to define those terms. If the loss was partial, the limitation applied; but it the loss was total, the provision was inapplicable for there would be "nothing to which to add 'increased cost.'" 149 A.2d at 618.

That case, however, is distinguishable from the case at bar. *Feinbloom* involved a total loss, albeit constructive, to the entire insured property. Here, the Plaintiff's loss, in relation to the insured property, is only partial. To apply the *Feinbloom* rationale to the case at bar would obliterate the assumed distinction between total and partial losses, because virtually every claim under a policy of this kind would involve a "total loss" to some constituent part of the insured premises. The *Feinbloom* rationale applies, if at all,[2] only when the entire insured property, not merely a part thereof, is a total loss.

In sum, the limitation clause in the Plaintiff's policy does apply to his loss, and the increment of $1,300.00 which he seeks was an " . . . increased cost of repair or reconstruction by reason of . . . ordinance or law regulating construction or repair . . . ."

The conclusion thus reached with respect to the one limitation clause makes it unnecessary to consider the other limitation clause to which the parties adverted.

The entry will be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

---

2. There is authority to the contrary. *Midwood Sanatorium v. Fireman's Fund Ins. Co.*, 261 N.Y. 381, 185 N.E. 674, rearg. den. 262 N.Y. 469, 188 N.E. 24 (1933); *Weinstein v. Commerce Ins. Co.*, 196 Va. 106, 82 S.E.2d 477 (1954); see generally Annot., 90 A.L.R.2d 790 (1963).