2003 OK 66

**Roger SPEARS and Virginia Spears, Plaintiffs/Appellees,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, a Missouri Corporation, Defendant/Appellant.**

No. 97,875.

Supreme Court of Oklahoma.

June 24, 2003.

866

Robert M. Butler, Ramona A Jones, Tulsa, OK, for Plaintiffs/Appellees.

Loyal J. Roach, Steven V. Buckman, Diane M. Black, Tulsa, OK, for Defendant/Appellant.

BOUDREAU, Justice.

¶ 1 This is an insurance coverage dispute. The material facts are undisputed and simple

to state. Lightning struck the home of Roger and Virginia Spears (plaintiffs) and caused damage to part of the electrical wiring. Because the home and its wiring are about sixty years old, the entire home must be rewired to meet current construction codes adopted by ordinance. Shelter Mutual Insurance Company (defendant) paid $1,700 to repair the portion of the wiring directly damaged by lightning but refused to pay an additional $4,280 to rewire the entire home. The trial court entered summary judgment in favor of plaintiffs. The Court of Civil Appeals reversed. Although we reach the same result as that of the Court of Civil Appeals, we previously granted certiorari to address the first impression question of the effectiveness of the "ordinance or law exclusion" upon which defendant relies.

## I. *ISSUE AND STANDARD OF REVIEW*

¶ 2 The precise issue on certiorari is whether the "ordinance or law exclusion" effectively limits defendant's liability to $1700 (the cost to repair the section of wiring directly damaged by lightning).[1] Because the material facts are not disputed, the issue is one of law which we review *de novo*. In conducting a *de novo* review we claim plenary, independent and non-deferential authority to examine a trial court's legal rulings. *Manley v. Brown*, 1999 OK 79, ¶ 22, n. 30, 989 P.2d 448, 456, n. 30.

## II. *THE EXCLUSION*

¶ 3 The relevant portions of the policy begin on page 6 of the policy with the section

1. In the Court of Civil Appeals, defendant also argued that paragraph 2(a) of the portion of the policy entitled "CONDITIONS—SECTION I" limits its liability. Paragraph 2(a) reads:
   2. How Losses Are Settled
   (a) Loss to the following types of property will be settled at the actual cash value of the damaged property at the time of loss. Actual cash value includes deduction for depreciation.
      Personal property.
      Structures that are not buildings.
      Antennas, carpeting, awnings, domestic appliances and outdoor equipment, all whether or not attached to buildings, and additionally, in Oklahoma only, roof surfacing.

entitled "PERILS WE INSURE AGAINST—SECTION I". The first clause of this section reads:

> We cover accidental direct physical loss to property covered under Dwelling and Other Structures Coverages *except for losses excluded in this section.*

(emphasis added). The exclusions begin at the bottom of the next page of the policy under the heading "EXCLUSIONS—SECTION I". The exclusions section begins with the following language which applies to each exclusion:

EXCLUSIONS—SECTION I.

We do not cover loss;

> (a) resulting directly or indirectly from any of the following events;
>
> (b) which would not have occurred in the absence of any of the following events;
>
> (c) which occurs regardless of the cause of any of the following events; or
>
> (d) if loss occurs concurrently or in any sequence with any of the events.

Immediately following this introductory language are ten separately numbered exclusions, the first of which is the "ordinance or law exclusion":[2]

> Enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, unless specifically provided under this policy. . . .

We will pay no more than:
(1) the cost to repair or replace *the damaged property* with property of *like kind and quality;* or
(2) the limits of liability of this policy.
(emphasis added). Defendant argued that the underlined language limits its liability to replacing only the damaged portion of the wiring. We need not decide the precise effect of this provision because, like the Court of Civil Appeals, we conclude it applies only to the types of property listed immediately above it, not to the electrical wiring system of the home.

2. This exclusion is also sometimes referred to as the "civil authority exclusion".

### III. APPLICABLE LAW

¶ 4 Oklahoma law governing insurance coverage disputes is well-established. The foremost principle is that an insurance policy is a contract. *Cranfill v. Aetna Life Ins. Co.*, 2002 OK 26, ¶ 5, 49 P.3d 703, 706. "Parties are at liberty to contract for insurance to cover such risks as they see fit and they are bound by the terms of the contract. It necessarily follows that courts are not at liberty to rewrite the terms of an insurance contract." *Id.*

¶ 5 However, it is also true that "[i]nsurance contracts are contracts of adhesion because of the uneven bargaining position of the parties." *Max True Plastering Co. v. USF & G Co.*, 1996 OK 28, 912 P.2d 861, 864. Consequently, in the event of ambiguity or conflict in the policy provisions, a policy of insurance is to be construed strictly against the insurer and in favor of the insured. *Id.* at 865. This rule has been consistently applied in this jurisdiction for many years.

¶ 6 In *Max True Plastering Co., supra*, we adopted the doctrine of reasonable expectations. This doctrine evolved as an interpretive tool to aid courts in discerning the intention of the parties, *id.* at 864, when the policy language is ambiguous or when an exclusion is "masked by technical or obscure language" or "hidden in a policy's provisions." *Id.* at 870. Under the reasonable expectations doctrine, when construing an ambiguity or uncertainty in an insurance policy, the meaning of the language is not what the drafter intended it to mean, but what a reasonable person in the position of the insured would have understood it to mean. *Id.* Thus, in construing an ambiguity or uncertainty against the insurer and in favor of the insured, Oklahoma now looks to the "objectively reasonable expectations" of the insured to fashion a remedy.

¶ 7 We made it clear in *Max True Plastering Co., supra*, that if an insurer desires to limit its liability under a policy, it must employ language that clearly and distinctly reveals its stated purpose. After *Max True Plastering Co., supra*, unclear or obscure clauses in an insurance policy will not be permitted to defeat coverage which is objectively reasonably expected by a person in the position of the insured.

### IV. DISCUSSION

¶ 8 This case involves a "physical loss" policy excluding loss arising from "enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure." Both parties cited various cases addressing the "ordinance or law exclusion" from other jurisdictions to support their respective positions. These cases have come down on both sides of the issue.[3] However, they are not extremely

---

3. The following cases found in favor of the insured: *Dupre v. Allstate Ins. Co.*, 62 P.3d 1024 (Colo.App.2002) (held that building codes did not cause the loss, the fire did); *Garnett v. Transamerica Ins. Svcs.*, 118 Idaho 769, 800 P.2d 656 (1990); *Daniels v. Aetna Life & Casualty Co.*, No. IP 81–1413–C, 1983 WL 13684 (S.D.Ind. June 29, 1983) (held that PCB removal ordinance did not cause the extra cost, the fire did); *Unified School Dist. No. 285 v. St. Paul Fire & Marine Ins. Co.*, 6 Kan.App.2d 244, 627 P.2d 1147 (1981) (held that since the insurer undertook to insure the building as a school known to be subject to building codes, it also assumed liability to comply with the codes upon loss); *Farmers Union Mutual Ins. Co. v. Oakland*, 251 Mont. 352, 825 P.2d 554 (1992) (held that asbestos regulations did not cause the loss, the fire did); *Dombrosky v. Farmers Ins. Co.*, 84 Wash.App. 245, 928 P.2d 1127 (1996); *Starczewski v. Unigard Ins. Group*, 61 Wash.App. 267, 810 P.2d 58 (1991) (applied reasonable expectations doctrine); *Odessa School Dist. 105 v. Insurance Co. of America*, 57 Wash.App. 893, 791 P.2d 237 (1990) (applied reasonable expectations doctrine).

The following cases found in favor of the insurer: *Bischel v. Fire Ins. Exch.*, 1 Cal.App.4th 1168, 2 Cal.Rptr.2d 575 (1991); *Breshears v. Indiana Lumbermens Mut. Ins. Co.*, 256 Cal.App.2d 245, 63 Cal.Rptr. 879 (1967); *Regency Baptist Temple v. Insurance Co. of North America*, 352 So.2d 1242 (Fla.App.1977); *Cohen Furniture Co. v. St. Paul. Ins. Co.*, 214 Ill.App.3d 408, 158 Ill.Dec. 38, 573 N.E.2d 851 (1991) (clause excluded losses caused by enforcement of ordinance "regardless of any other cause or event that contributes concurrently or in any sequence to the loss"); *Prytania Park Hotel v. General Star Indemnity Co.*, 896 F.Supp. 618 (E.D.La.1995) (plain and unambiguous exclusion); *Hewins v. London Assurance Corp.*, 184 Mass. 177, 68 N.E. 62 (1903); *Bradford v. Home Ins. Co.*, 384 A.2d 52 (Maine 1978).

*See, generally,* H. Wood, Jr., "The Insurance Fallout Following Hurricane Andrew: Whether

helpful because the wording of each policy clause is different.[4] Also, some states, like Alaska, do not even require an ambiguity—they apply the doctrine of reasonable expectations whether the policy is ambiguous or not. *See Bering Strait School Dist. v. RLI Ins. Co.,* 873 P.2d 1292 (Alaska 1994). Under *Max True Plastering Co., supra,* we must review the exact language in the policy that is before us to determine whether the policy is ambiguous, whether the exclusion is hidden in the policy's provisions, and whether the exclusion is masked by technical or obscure language.

### A. The Policy is Not Ambiguous With Respect to the Exclusion

¶9 We have carefully reviewed the policy and we find it is not ambiguous with respect to the "ordinance or law exclusion." The test for ambiguity is whether the language "is susceptible to two interpretations on its face . . . from the standpoint of a reasonably prudent lay person, not from that of a lawyer." *Cranfill,* 2002 OK 26, ¶¶ 7–8, 49 P.3d at 706;

Insurance Companies are Legally Obligated to Pay for Building Code Upgrades Despite the 'Ordinance or Law' Exclusion Contained in Most Homeowners Policies," 48 U.Miami L.Rev. 949, 956 (1994); Couch § 176.66 n. 21; George J. Couch, *Couch Cyclopedia of Insurance Law* § 54:166, at 551–53 (2d rev. ed.1983).

**4.** For example, in *Bering Strait School Dist. v. RLI Ins. Co.,* 873 P.2d 1292 (Alaska 1994), there were three relevant clauses. First, the insuring clause of the policy:

this Company . . . does insure . . . to the extent of the [replacement cost] of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair . . . against all [risks of physical loss or damage]. . . .

Second, the civil authority clause:

The policy does not insure against loss or increased cost occasioned by any Civil Authority's enforcement of any ordinance or law regulating the reconstruction, repair or demolition of any property insured hereunder.

Finally, the replacement cost endorsement:

3. This Company shall not be liable under this endorsement for any loss—occasioned directly or indirectly by enforcement of any ordinance or law regulating the . . . construction,

*Max True Plastering Co.,* 912 P.2d. at 869. In our view, the only fair construction of the "ordinance or law exclusion" is that the portion of the loss to the wiring that arises from the existence of new building codes is not to be considered as a loss or damage by a covered peril, but is instead to be excluded from consideration, and the loss is to be calculated as if there were no new building codes affecting the situation. We can see no other interpretation.

### B. The Exclusion is Not Hidden Within the Policy's Provisions

¶10 Similarly, we find the "ordinance or law exclusion" is sufficiently conspicuous and not hidden. The policy contains headings that are in all capital letters and the text under the headings is all in the same size print. On page 6 of the policy, under the heading "PERILS WE INSURE AGAINST—SECTION I", the policy prominently states that it covers "accidental direct physical loss to property covered under Dwelling and Other Structures Coverage ex-

repair or demolition of property unless such liability has been specifically assumed under this policy.

The Alaska Supreme Court found these clauses ambiguous.

In *Prytania Park Hotel v. .General Star Indemnity Co.,* 896 F.Supp. 618 (E.D.La.1995). the exclusion provided:

General Star will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
a. Ordinance or Law
The enforcement of any ordinance or law:
(1) Regulating the construction, use of repair of any property. . . .

The district court for the Eastern District of Louisiana found this exclusion plain and unambiguous.

Finally, in *Bradford v. Home Ins. Co.,* 384 A.2d 52 (Maine 1978), the exclusion provided:

[T]his company . . . does insure . . . to the extent of actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair.

The Maine Supreme Judicial Court found this exclusion plain and unambiguous.

cept for losses excluded in this section." (emphasis added). The exclusions begin on the following page of the same section of the policy, and begin with the heading "EXCLUSIONS—SECTION I" in all capital letters. This heading is followed by broad preliminary language that clearly applies to all of the listed exceptions. Immediately following the preliminary language is a list of ten separately numbered and indented exclusions. The "ordinance or law exclusion" is the first listed exclusion. We find the exclusion is sufficiently prominent and not hidden.

### C. *The Exclusion is Not Masked by Technical or Obscure Language*

¶ 11 Finally, we find the "ordinance or law exclusion" is sufficiently clear and not masked by technical or obscure language. The exclusion consists of only 24 words. It excludes loss arising from:

> Enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, unless specifically provided under this policy. . . .

The language used in this exclusion is not technical or obscure. It does not set a trap for the unwary. We find the exclusionary language to be clear, straightforward and understandable from the point of view of an objectively reasonable insured.

¶ 12 In sum, because the policy with respect to the "ordinance or law exclusion" is not ambiguous, and because the exclusion is neither hidden in the policy's provisions nor masked by technical or obscure language, the doctrine of reasonable expectations is not applicable in this case. Instead, we must accept the plain and ordinary meaning of the words used in the exclusion. The "ordinance or law exclusion" effectively limits defendant's liability in this case to $1700 (the cost to repair the section of wiring directly damaged by lightning).

---

**5.** We express no opinion as to whether the word "allowable" in 36 O.S. § 3629(B) means fees to the prevailing party are mandatory or discretionary. The Tenth Circuit Court of Appeals has twice addressed this issue. In *Adair State Bank v. American Cas. Co.*, 949 F.2d 1067, 1077–78 (10th Cir.1991), the Tenth Circuit predicted we would hold the trial court has discretion to award fees under § 3629(B). Ten years later, in

### V. *DEFENDANT'S MOTIONS*

¶ 13 Defendant's motion for oral argument is denied.

¶ 14 Defendant's motion for appeal-related attorney's fees pursuant to 12 O.S. § 936 and 36 O.S. § 3629(B) is denied. Defendant is not entitled to fees under § 936 because that section is not applicable to this insurance coverage dispute. *Globe & Republic Ins. Co. of America v. Independent Trucking Co.*, 1963 OK 274, 387 P.2d 644, 647. Nor is defendant entitled to fees under § 3629 in this case. Section 3629 states that fees to the prevailing party in an insurance coverage dispute are allowable.[5] However, one of the stated prerequisites within § 3629(B) is that the insurer "submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt" of a proof of loss. In this case, defendant's motion for attorney's fees did not demonstrate that defendant submitted a written offer of settlement or rejection of the claim to plaintiffs within ninety days of receipt of a proof of loss.

¶ 15 Defendant also seeks its appeal-related costs pursuant to 12 O.S. § 929. Defendant requests reimbursement for photocopies and delivery costs. These costs are treated as overhead and are not recoverable. *Oklahoma Turnpike Authority v. New*, 853 P.2d 765, 765 (Okla.1993). Defendant also requests reimbursement of a $100.00 fee for designation of the record and a $5.00 certification fee, both paid to the Tulsa County District Court. Fees paid to the district court are not recoverable in this court. *Chamberlin v. Chamberlin*, 1986 OK 30, 720 P.2d 721. Finally, defendant requests reimbursement of its $200.00 filing fee in this court. This filing fee, required by 20 O.S. 2001 § 15, is recoverable pursuant to 12 O.S.

---

*Stauth v. National Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260 (10th Cir.2001), the Tenth Circuit altered its prediction, because of two intervening opinions from the Oklahoma Court of Civil Appeals. *See Shadoan v. Liberty Mut. Fire Ins. Co.*, 894 P.2d 1140 (COCA 1995); *Williams v. Old Am. Ins. Co.*, 907 P.2d 1105, 1107 (COCA 1995).

2001 § 978 by the successful appellant. *Wilson v. Glancy*, 1995 OK 141, 913 P.2d 286. Defendant's motion for appeal-related costs is granted only to the extent of $200.00 to be recovered against plaintiffs, and otherwise denied.

## VI. *CONCLUSION*

¶ 16 The insurance policy with respect to the "ordinance or law exclusion" is plain and unambiguous. It is neither hidden in the policy's provisions nor masked by technical or obscure language. Accordingly, the doctrine of reasonable expectations is not applicable in this case. To the contrary, we must accept the plain and ordinary meaning of the language used in the exclusion. Applying the plain and ordinary meaning of the language used in the "ordinance or law exclusion", we conclude that the cost to rewire the entire home to meet current construction codes is a loss that is excluded from coverage.

¶ 17 Defendant's motions for oral argument and for appeal-related attorney's fees are denied. Defendant's motion for appeal-related costs is granted only to the extent of $200.00 to be recovered against plaintiffs, and otherwise denied.

OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED; CAUSE REMANDED FOR ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT; DEFENDANT'S MOTION FOR ORAL ARGUMENT DENIED; DEFENDANT'S MOTION FOR APPEAL–RELATED FEES DENIED; DEFENDANT'S MOTION FOR APPEAL–RELATED COSTS GRANTED IN PART.

OPALA, V.C.J., HODGES, LAVENDER, KAUGER, WINCHSETER, JJ., concur.

WATT, C.J., HARGRAVE, SUMMERS, JJ., dissent.