2008 OK CIV APP 8

**Lori GUTKOWSKI and Chris Gutkowski, husband and wife, Plaintiffs/Appellants,**

v.

**OKLAHOMA FARMERS UNION MUTUAL INSURANCE COMPANY, Defendant/Appellee.**

**No. 103,758.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 15, 2007.

Steven S. Mansell, Mark A. Engel, Kenneth G. Cole, Mansell, Engel & Cole, Oklahoma City, OK, for Plaintiffs/Appellants.

David B. Donchin, Katherine T. Loy, Durbin, Larimore & Bialick, Oklahoma City, OK, for Defendant/Appellee.

ROBERT DICK BELL, Judge.

¶1 This is an action for breach of an insurance contract issued by Defendant/Appellee, Oklahoma Farmers Union Mutual Insurance Company (Farmers). In the proceeding below, the trial court entered judgment on a jury verdict in favor of Farmers. The Plaintiffs/Appellants, Lori Gutkowski and Chris Gutkowski (Insureds), appealed alleging the trial court erred in overruling their motion for new trial and motion for judgment notwithstanding the jury verdict. For the reasons discussed hereinafter, we reverse and remand with instructions.

¶2 The following material facts are undisputed. In 2001, Insureds purchased a home with an "overlaid" or "comp over wood" shingle style roof. The roof was comprised of an outer or top layer of composition (asphalt) singles and an underneath layer of wood singles that served as the "nailable surface" or "decking" to which the composition shingles were attached. Insureds purchased a homeowner's insurance policy from Farmers which insured against the following perils:

**Coverage A—Residence and Coverage B–Related Private Structures -**

"We" insure property covered under Coverages A and B for risks of direct physical loss, unless the loss is excluded under the Exclusions Applying to Coverages A and B or under the Exclusions That Apply to Property Coverages.

¶3 In 2002, a hail storm damaged the Insureds' roof. Hail was a covered peril under the policy. The Insureds submitted a claim to Farmers for the total loss of their roof. While the claim was pending, the Insureds sold their house without replacing the roof. Farmers "totaled" the Insureds' roof because of hail impact marks on the composition shingles, but only agreed to pay for the direct physical loss of the composition roof. It referred to the following loss settlement endorsement (the "ML–545 Ed. 1.0" endorse-

ment) in the policy to determine the amount due:

d) The smaller of the following amounts is used in applying the "terms" under Our Limit:

(1) the cost to repair or replace the damage on the same premises using materials of like kind and quality, to the extent practical; or

(2) the amount actually and necessarily spent to repair or replace the damage on the same premises; or

(3) 125% of the Coverage A "limit" shown on the "declarations."

Pursuant to this endorsement, Farmers remitted a check in the amount of the cost to tear off and replace the damaged composition shingles with new composition shingles, less a deduction for depreciation of the existing composition shingles.

¶ 4 The Insureds rejected Farmers' remittance and demanded that Farmers also pay to tear off and replace the wood shingles with plywood decking. The Insureds claimed the policy provided such coverage because the wood shingles would become a non-nailable surface once the composition shingles were torn off. Farmers agreed the removal of the composition shingles would destroy the structural integrity of the wood shingles to the extent the wood shingles could not be reused as decking, but nevertheless denied Insureds' claim. Farmers alleged the wood roof was not a covered loss because it was already in a deteriorated and inadequate condition prior to the covered peril and the wood roof did not sustain a direct physical loss as a result of the hail storm.

¶ 5 The Insureds brought the instant action for breach of contract, fraud and bad faith. Both parties sought summary judgment claiming the policy unambiguously supported their respective positions. The trial court overruled the motions for summary judgment. It determined the loss provision was ambiguous and, therefore, the issue as to the parties' intent should be submitted to a jury. After a trial, the jury returned a verdict in favor of Farmers. Insureds moved for a new trial and judgment notwithstanding

the verdict. The trial court denied Insureds' motions and entered its judgment upon a jury verdict in favor of Farmers. Insureds appealed the judgment as it relates to their breach of contract claim.[1]

¶ 6 For their first assignment of error, Insureds allege the trial court erred when it determined the relevant policy provision was ambiguous. Insureds claim the policy unambiguously provided replacement cost coverage. This means Farmers was required under the policy to place the Insureds in their pre-loss condition. In order to do so, Farmers was contractually obligated to pay for the tear off of the wood shingles and re-decking of the roof.

¶ 7 Farmers likewise contends the policy was unambiguous. But, Farmers submits the Insureds actually had two roofs and the substandard wood roof was already in a deteriorated and inadequate condition prior to the hail storm and it did not sustain a "direct physical loss" as a result of the hail storm. For these reasons, Farmers claims it had no contractual obligation to pay to replace the wood roof even though it would be a non-nailable surface after the composition shingles were removed. Farmers also repeatedly urges that it would be impossible to place the Insureds in their pre-loss condition because their pre-loss condition was a composition roof over a wood roof.

¶ 8 Because both parties urge the policy unambiguously supports their respective positions, we are charged with determining whether the trial court erroneously submitted the issue of the parties' contractual intent to the jury. Whether an insurance contract provision is ambiguous is a question of law to be determined by the court. *Max True Plastering Co., v. U.S.F. & G. Co.*, 1996 OK 28, ¶ 20, 912 P.2d 861, 869. The test to be applied in determining whether a word or phrase is ambiguous is whether the word or phrase is susceptible to two interpretations on its face from the standpoint of a reasonably prudent lay person. *Id.* This Court will not indulge in forced or constrained interpretations to create and then construe ambiguities in insurance contracts. *Id.*

---

1. Insureds did not appeal the trial court's judgment in favor of Farmers on Insureds causes of

action for fraud and bad faith.

¶ 9 Farmers claims under the facts of this case, the policy terms "for risks of direct physical loss" limit its liability for the Insureds' loss to the composition shingles only. Farmers submits this provision excludes from coverage the damage to the wood shingles that will result from the removal of the composition shingles. First, we reiterate, under Oklahoma law, when an insurer desires to limit its liability under a policy of insurance, it must employ language that clearly and distinctly reveals its stated purpose. *Spears v. Shelter Mut. Ins. Co.*, 2003 OK 66, ¶ 7, *73 P.3d 865*, 868. Such clear and distinct language of limitation was not employed in the instant policy. Therefore, we reject any implication by Farmers that its liability to pay for the damage to the wood shingles was expressly limited under the contract.

¶ 10 Farmers' repeatedly contends the Insureds had two separate roofs, *ie.* the wood shingles constituted a divisible and separate roof from the composition roof. Therefore, because the wood roof did not sustain direct hail damage and the policy does not cover damage not caused by a covered peril, Farmers was only obligated to pay for the damage to the composition roof. In order to prevail on this theory, Farmers would have to show the necessary components that make up a single roof are divisible and separate. Oklahoma law does not support this argument.

¶ 11 In *Redcorn v. State Farm Fire & Cas. Co.*, 2002 OK 15, ¶ 15, 55 P.3d 1017, 1021, the Supreme Court held "a roof is the product of both materials and labor." Consequently, the depreciation of both labor and materials to replace a roof was appropriate in determining actual cash value under an insurance contract. Under the logical extension of *Redcorn*, we hold a roof is a unified product comprised of all its component parts and materials, including felt, flashing, sheathing (decking), valleys, nails, caulk, drip edges, and shingles. Because the wood shingles in the instant case served as the decking, we hold the wood shingles were an integral component of the roof. We therefore reject Farmers claim that the anticipated damage to the wood shingles (an integral portion of the whole roof) was not a covered loss under the policy.

¶ 12 "Indemnity is the basis and foundation of all insurance laws." *Rochester American Ins. Co. v. Short*, 1953 OK 4, ¶ 12, 207 Okla. 669, 252 P.2d 490, 493. The purpose of indemnity is to put the Insured in as good a condition, so far as practicable, the Insured would have been in if the loss had not occurred. *Id.* Here, the undisputed evidence revealed the Insureds had a "nailable surface" immediately prior to the hail storm and that such "nailable surface" would be destroyed when the old composition shingles were removed. Thus, we hold there was a clear "risk of direct physical loss" to the wood shingles as a result of the covered peril, and to properly indemnify the Insureds, Farmers was contractually obligated to pay for the tear off of the wood shingles and the re-decking of the Insureds' roof.

¶ 13 We conclude the policy language in question was unambiguous and that it provided coverage for the disputed loss. We therefore hold the trial court erred when it submitted this issue to the jury. The trial court's judgment in favor of Farmers on the contract claim is reversed. On remand, the trial court is directed to enter judgment in favor of the Insureds as to liability, and conduct a trial on damages.

¶ 14 Because we reverse and remand, it is unnecessary to address Insureds remaining assignments of error.

¶ 15 REVERSED AND REMANDED WITH INSTRUCTIONS.

HANSEN, P.J., and BUETTNER, J., concur.